**Darryl Kent WAKEFIELD, Plaintiff–Appellant,**

v.

**Richard INDERMILL; CSPC/CDCR, Defendants–Appellees.**

No. 12–15062.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2014.[*]

Filed Dec. 18, 2014.

Darryl Kent Wakefield, Vallejo, CA, pro se.

Thomas S. Patterson, Esquire, Supervisory, California Department of Justice,

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

San Francisco, CA, for Defendants–Appellees.

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Darryl Kent Wakefield, a former California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of his right to free exercise under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir.2008), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir.2008). We affirm.

The district court properly granted summary judgment on Wakefield's First Amendment claim because Wakefield failed to raise a genuine dispute of material fact as to whether the denial of weekly religious services was not rationally related to a legitimate penological interest in maintaining prison security. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350–53, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (restraint on inmate's ability to exercise his religion does not violate the First Amendment if it is reasonably related to a legitimate penological interest).

Summary judgment on Wakefield's RLUIPA claim was proper because Wakefield failed to raise a genuine dispute of material fact as to whether denying him weekly communion and foot washing services in the Security Housing Unit was not the least restrictive means of achieving a compelling government interest, in light of defendant's evidence that less restrictive measures were actually considered and rejected. *See Greene v. Solano Cnty. Jail,* 513 F.3d 982, 986–90 (9th Cir.2008) (setting forth RLUIPA standard); *see also Cutter v. Wilkinson,* 544 U.S. 709, 725 n. 13, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005) ("[P]rison security is a compelling state interest, and … deference is due to institutional officials' expertise in this area.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we